SAMUEL G. LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
BRANDON S. DIMOND, SBN 266876
  bdimond@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant,
HEWLETT-PACKARD COMPANY



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HRL

| | |
|---|---|
| DAVID ELIAS, Individually and On Behalf of all Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>Defendants. | CASE NO. CV 12-00421<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>[Santa Clara County Superior Court, Case No. 1-11-CV-214672] |



Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT, AND TO PLAINTIFF DAVID ELIAS AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to sections 1332 and 1441 of Title 28 of the United States Code, Defendant Hewlett-Packard Company ("HP") hereby removes the state court action described below to the United States District Court for the Northern District of California. Defendant bases removal upon the following grounds:

## A. BACKGROUND FACTS

1. On December 9, 2011, Plaintiff David Elias ("Plaintiff") filed a putative class action complaint against HP in the Superior Court of the State of California for the County of Santa Clara. The action was captioned *Elias v. Hewlett-Packard Company* (Case No. 1-11-CV-214672) (the "State Court Action"). On December 22, 2011, Plaintiff filed a first amended complaint in the action. Plaintiff thereafter personally served HP's registered agent with the summons, together with copies of both the initial complaint, and the first amended complaint, on December 27, 2011. True and correct copies of all process, pleadings, and other papers served on HP in the State Court Action are attached to this Notice as Exhibit A.

2. In this action, Plaintiff alleges that HP "advertised, marketed and sold several series of computer models with inadequate power supplies." (First Am. Compl. ¶ 1; *see also* Compl. ¶ 1.) More specifically, Plaintiff alleges that that HP made "deceptive, unlawful, and/or unfair statements and omissions that led [HP's] customers to believe that their Slimline and Pavilion computers were sufficiently powerly [sic] to be safely operated, that all included components and peripherals would be adequately powered, and that [HP's] Slimline and Pavilion computers were sold consistent with the power supply recommendations of the manufacturers of the all [sic] included components and peripherals." (First Am. Compl. ¶ 36.)

3. Plaintiff further alleges that HP has "manufactured over 250 models within the Slimline series, and hundreds more in the Pavilion series" (First Am. Compl. ¶ 17), and he proposes to represent a nationwide class comprised of "[a]ll persons who, between December 7, 2007 and the present, purchased, in the United States, an HP computer with an included power supply unit having a rated capacity lower than (1) the total combined wattage of all internal PC components and

peripherals or (2) the capacity recommended by the manufacturer of any included component or peripheral." (First Am. Compl. ¶ 33.)

4. As demonstrated in the following paragraphs, this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 because: (a) there are over 100 alleged class members in Plaintiff's proposed class (28 U.S.C. § 1332(d)(5)(B)); (b) the combined alleged claims of all potential class members, in the aggregate, exceed $5,000,000 (*id.* 1332(d)(2)); and (c) the requisite diversity exists (*id.* 1332(d)(2)(A)).[1]

**B. JURISDICTIONAL STATEMENT**

5. This is a civil class action of which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332. HP is authorized to remove this action to this Court pursuant to 28 U.S.C. section 1441(a) and 28 U.S.C. section 1453.

6. By Plaintiff's own estimation, the class "is composed of more than 100 persons" (First Am. Compl. ¶ 35); moreover, Plaintiff alleges that HP has "manufactured over 250 models within the Slimline series, and hundreds more in the Pavilion series" (*id.* ¶ 17).

7. While Plaintiff does not identify which specific Slimline and Pavilion products are at issue, he does allege the Pavilion Slimline s5305z, s5t, s5xt and s5z series, as well as the Pavilion p7z series, are examples of computers that are "underpowered." HP denies that any of the computers in these five series—or any other HP computers for that matter—are "underpowered" or defective in any way. Plaintiff's allegations nevertheless have placed these units "in controversy," and through its website, HP has sold more than 10,000 computers in these five series to consumers across the United States, confirming that the number of putative class members exceeds 100. (*See* Declaration of Michael Rawdan ("Rawdan Decl.") ¶ 4, attached as Exhibit B.)

---

[1] HP disputes that Plaintiff is entitled to any relief and, if necessary, will oppose class certification. Of course, for purposes of the removal analysis, the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). "The jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount." *Nelson v. Bic USA, Inc.*, No. 07-2367, 2008 U.S. Dist LEXIS 27366, at *16 (S.D. Cal. Apr. 1, 2008).

8. In addition, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Through this action, Plaintiff seeks (among other things) "full restitution of moneys . . . to restore any and all moneys acquired by [HP] from Plaintiff, the general public, or those similarly situated . . . ." (First Am. Compl. ¶ 59.) HP's online sales of computers in the Pavilion Slimline s5305z, s5t, s5xt and s5z series, and the Pavilion p7z series during the putative class period totaled more than $5,000,000. (*See* Rawdan Decl. ¶ 4.)

9. The complaint also makes reference to "hundreds" of other models within the Slimline and Pavilion series. (First Am. Compl. ¶ 17.) The inclusion of these "other" desktop computer models potentially places in controversy thousands of additional sales, depending on which specific models are implicated by Plaintiff's allegations.

10. Plaintiff also seeks punitive damages, which are properly considered by courts in determining the amount in controversy for removal purposes. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.21 (9th Cir. 2003) (considering punitive damages in finding that the jurisdictional minimum had been satisfied); *Alexander v. FedEx Ground Package Sys., Inc.*, No. C 05-0038 MHP, 2005 WL 701601, at *2 (N.D. Cal. Mar. 25, 2005) ("The jurisdictional minimum amount may be satisfied by considering claims for . . . punitive damages."). Likewise, the attorneys' fees requested by Plaintiff should be included as part of the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that "[s]ection 1332's amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees"); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). And the same is true of the injunctive relief sought by Plaintiff. *See, e.g., Yeroushalmi v. Blockbuster Inc.*, No. CV 05-225-AHM (RCX), 2005 WL 2083008, at *5 (C.D. Cal. July 11, 2005) (explaining that "consideration of the cost of injunctive relief, from the defendant's viewpoint, is appropriate" in determining the amount in controversy).

11. Given the large number of computer models about which Plaintiff claims HP made false representations, the cost of refunding the purchase price, and the possibility of punitive damages, attorneys' fees, and injunctive relief, it is indisputable that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

12. Finally, the requisite diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A) because the complaint alleges a putative nationwide class. The complaint alleges that HP is a Delaware corporation with its principal place of business in Palo Alto, California. (First Am. Compl. ¶ 5.) HP avers that it is not now, and has never been, a citizen or resident of any other states. *See* 28 U.S.C. § 1332(c)(1) (for purposes of sections 1332 and 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Consequently, the minimal diversity requirement is satisfied as a result of the diversity between HP and the non-California and non-Delaware resident members of the putative class.

**C. INTRADISTRICT ASSIGNMENT**

13. Pursuant to Local Civil Rule 3-2(e), this action should be assigned to the San Jose Division because the Complaint was filed in the Superior Court for the County of Santa Clara.

**D. REMOVAL PROCEDURE**

14. In compliance with 28 U.S.C. section 1446(a), HP attaches as Exhibit A all process, pleadings, and orders received in the state court action.

15. This Notice of Removal is timely because it is filed within 30 days of service of the summons and complaint, as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1132 (9th Cir. 2011).

16. HP will promptly give written notice of this Notice to Plaintiff and will file a copy of this notice with the clerk of the Superior Court for the County of Santa Clara, as required by 28 U.S.C. section 1446(d).

///
///
///
///
///
///
///

WHEREFORE Defendant removes the original action brought by Plaintiff now pending in the Superior Court for the County of Santa Clara to the United States District Court for the Northern District of California.

DATED: January 26, 2012

Respectfully Submitted,
GIBSON, DUNN & CRUTHCER LLP

By /s/ Samuel Liversidge /TWL
Samuel G. Liversidge

Attorneys for Defendant,
Hewlett-Packard Company