SAMUEL G. LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
BRANDON S. DIMOND, SBN 266876
  bdimond@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant,
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ELIAS, Individually and On Behalf of all Others Similarly Situated and the General Public, | CASE NO. 5:12-cv-00421 |
| Plaintiff, | |
| v. | **STIPULATION EXTENDING TIME TO RESPOND TO FIRST AMENDED COMPLAINT; PLAINTIFF'S REQUEST TO APPOINT INTERIM LEAD COUNSEL** |
| HEWLETT-PACKARD COMPANY, et al., | |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

1    The parties to this action—Plaintiff David Elias, and Defendant Hewlett-Packard Company

2    ("HP")—through their undersigned counsel of record, enter the following stipulation extending HP's

3    time to respond to Plaintiff's First Amended Complaint pursuant to Local Rule 6–1(a):

4    WHEREAS, Plaintiff filed a Complaint in Santa Clara Superior Court on December 9, 2012;

5    WHEREAS, Plaintiff filed a First Amended Complaint in Santa Clara Superior Court on

6    December 22, 2012;

7    WHEREAS, HP filed a notice of removal on January 26, 2012;

8    WHEREAS, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), HP's current deadline

9    to respond to Plaintiff's First Amended Complaint is February 2, 2012, which time has not yet

10    expired;

11    WHEREAS, continuing HP's deadline to respond to March 2, 2012 will not alter the date of

12    any event or any deadline already fixed by Court order;

13    THEREFORE, the parties jointly stipulate that the deadline for HP to respond to Plaintiff's

14    First Amended Complaint shall be extended up to, and including, March 2, 2012.

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1    IN ADDITION, WHEREAS, the parties are unaware of any pending related litigation;

2    WHEREAS, Plaintiff requests that Gutride Safier LLP be appointed interim Lead Counsel;

3 and

4    WHEREAS, Defendant does not oppose Plaintiff's request that Gutride Safier LLP be

5 appointed interim Lead Counsel;[1]

6    THEREFORE, Plaintiff requests that Gutride Safier LLP be appointed interim Lead Counsel.

7 DATED:        January 31, 2012        Respectfully Submitted,

8                                       GIBSON, DUNN & CRUTHCER LLP

9

10                                      By _____/s/_____Timothy W. Loose_____
                                              Timothy W. Loose

11                                      Attorneys for Defendant,
12                                      Hewlett-Packard Company

13

14 DATED:       January 31, 2012        GUTRIDE SAFIER LLP

15                                      By_____/s/  Seth A. Safier_____
16                                              Seth A. Safier

17                                      Attorneys for Plaintiff, David Elias

18 IT IS SO ORDERED:

19 DATE: February 2, 2012

20

21

22                                      _Lucy H. Koh_____

23                                      The Honorable Lucy H. Koh

24                                      United State District Court Judge

25    _____

26    [1]  HP does, however, reserve its right to object to any future request for attorneys' fees.  A primary
      purpose of appointing interim class counsel is to maximize efficiencies and to eliminate
27    duplication of efforts and "unproductive posturing" by the various plaintiffs' lawyers and firms.
      See 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.121 (3d ed. 2010).  Consequently,
28    any proposed structure should reduce the risk "of overstaffing or an ungainly counsel structure."
      Fed. R. Civ. P. 23(g), advisory committee's note.