*E-Filed: December 18, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID ELIAS, an individual, on behalf of himself, the general public and those similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>         Defendant.<br>_____/ | No. C12-00421 LHK (HRL)<br><br>**ORDER ON DDJR #1**<br><br>**[Re: Docket No. 39]** |

Plaintiff David Elias, on behalf of a putative class, sues Defendant Hewlett-Packard Company ("HP") for various violations of federal and state law in connection with its selling of customized desktop computers with inadequate power sources. The parties' Discovery Dispute Joint Report #1 (DDJR #1, Dkt. 39) concerns the scope of two general categories of Plaintiff's requested discovery. First, HP objects to Plaintiff's request for discovery on all Slimline and Pavilion models because, it argues, discovery on any model other than the one actually purchased by Plaintiff is irrelevant. Alternatively, HP maintains that production of the requested discovery would constitute an undue burden. Second, the parties dispute the extent to which HP must produce documents related to other litigation.

Plaintiff's Third Amended Complaint (TAC, Dkt. 44)[1] alleges that HP sold all of its Pavilion and Slimline computers with an included and non-customizable power supply unit.  However, HP allows customers to customize Pavilion and Slimline computers with upgraded components, such as graphics cards, many of which require more watts than are provided by the included power supply unit and/or whose manufacturers recommended a power supply greater than that provided.  The inadequacy of the power supplies caused computers to malfunction, including overheating leading to total failure.

The putative class is defined as:

> All persons who, between December 7, 2007 and the present, purchased, in the United States, a computer, directly from Defendant, with an included power supply unit having a rated capacity lower than (1) the total combined Wattage of all internal PC components and peripherals or (2) the capacity recommended by the manufacturer of any included component or peripheral.

Plaintiff purchased a Slimline s5305z, but it seeks discovery on all Pavilion and Slimline models, totaling over 200.  Plaintiff also requests discovery of documents related to any lawsuit concerning inadequate power or power supply, faulty power supply units, failed motherboards, overheating, and a host of other malfunctions.

## LEGAL STANDARDS

Courts generally recognize the need for pre-certification discovery relating to class issues. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.").  Whether or not such discovery will be permitted, however, and the scope of any discovery that is allowed, lies within the court's sound discretion.  *Id.; Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006).  "'[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'"  *Del Campo*, 236 F.R.D. at 459 (quoting *Oppenheimer Fund, Inc. v.*

---

[1] When the parties filed DDJR #1, Plaintiff's Second Amended Complaint (SAC, Dkt. 29) was in effect, and HP's Motion to Dismiss the SAC (Dkt. 30) was pending.  Judge Koh denied the motion as to Plaintiff's breach of warranty claims, but dismissed the others, some with leave to amend.  *See* Order Granting-in-Part and Denying-in-Part Motion to Dismiss, Dkt. 41.  Plaintiff has since filed the TAC, and another Motion to Dismiss is pending.

2

*Sanders*, 437 U.S. 340, 351 n.13 (1978)).  Plaintiffs bear the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations.  *Id.*

Rule 23(a) provides that a class member may sue as a representative on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Rule 23(b)(3) provides that a class action may be maintained if "the Court finds that the questions of law or fact common to class members predominate over any questions affecting only individual class members, and that a class actions is superior to other methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

## DISCUSSION

### I.   Discovery of All Pavilion and Slimline Models

Plaintiff alleges that HP is one of the world's largest manufacturers and vendors of personal computers and estimates that the class is composed of more than 100 individuals, which is sufficient for a prima facie showing of the numerosity requirement.  *See Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 624 (N.D. Cal. 2013) ("Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members.").

Plaintiff alleges that each class member's claims arise from having been sold a computer from HP with an insufficient power supply.  Common issues of fact and law include, respectively, whether HP failed to inform class members of the inadequate supply, and if so, whether the failure was unlawful.  Because these issues are common to the class as a whole, Plaintiff has satisfied the second prerequisite.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011).  Plaintiff alleges that his claims are typical of the class because he,

like all class members, purchased from HP a computer containing components requiring a more robust power supply than what was provided, and all class members sustained the same injuries and damages arising out of defendant's conduct.  However, HP disputes the relevancy of discovery of models other than the one actually purchased by Plaintiff, which bears on the typicality inquiry.[2]  HP argues that to obtain discovery Plaintiff must show "substantial similarities" between his model and the others on which he requests discovery.  Although the cases HP relies on in DDJR #1 are distinguishable, a comparable "sufficient similarity" test has been applied in this district where, as here, a plaintiff pursuing a putative class action brings claims and seeks discovery concerning products other than those actually purchased.  *See Ogden*, 292 F.R.D. at 625-26.  For example, in product mislabeling class actions, the sufficient similarity standard has been found satisfied where the misrepresentations across product lines are identical, or the products themselves have nearly identical compositions.  *Id.*; *see also Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 890-92 (N.D. Cal. 2012).  Here, Plaintiff's core allegation that HP provided underpowered computers is consistent across the entirety of both Pavilion and Slimline product lines.  Moreover, although the components within computers will necessarily vary across models, and even within models due to customizations, the Court nevertheless thinks that the basic composition of Pavilion and Slimline computers are sufficiently similar for this early stage where Plaintiff only need demonstrate a prima facie showing of typicality.

As for adequacy of representation, Plaintiff asserts that he has no interests in conflict with those of the class, that counsel is experienced, and that they have adequate resources to vigorously litigate the action.  Having no reason to doubt these assertions, the Court finds the adequacy prong satisfied.

---

[2] Although HP does not actually advance its argument within this framework, courts have addressed the issue of whether plaintiffs may assert claims for (and therefore obtain discovery on) products they did not purchase under the typicality prong of Rule 23.  *See Ogden*, 292 F.R.D. at 623-26.  It should be noted, however, that other courts (within this district even) have analyzed the question as a matter of standing.  *See Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868-870 (N.D. Cal. 2012).  Here, it appears that Plaintiff has individual standing to bring each claim asserted in the complaint based on his own experience with the model he purchased.  Thus, the focus shifts to class certification to determine whether Plaintiff may represent class members whose claims are based on other models.  *See Newberg on Class Actions*, §2:1, 2:6.

4

In the TAC, Plaintiff lists sixteen issues of law and/or fact allegedly common to the class, which will not be reproduced here. It suffices to say that the Court is convinced that Plaintiff has made a prima facie showing that issues of law and fact common to the class predominate over issues unique to individuals. Plaintiff also alleges that individual remedies by members of the class would be inefficient and lead to inconsistent outcomes. Additionally, individuals would be discouraged from seeking redress due to the potentially small rewards compared to the high costs of litigation. Thus, Plaintiff makes a prima facie showing of Rule 23(b)(3)'s predominance and superiority requirements.

The Court finds that Plaintiff has successfully borne its burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied. Accordingly, Plaintiff is entitled to discovery on the accused products, including all Pavilion and Slimline models on which it has requested discovery.

Furthermore, HP's argument that producing discovery on all Pavilion and Slimline models would constitute an undue burden is unsubstantiated. HP asserts that its production of over 1,000 pages of documents concerning Plaintiff's model was already a burden, and thus to produce discovery on over 200 models would be "crushing." However, it provides no specifics in terms of resources already expended or estimated additional costs. Thus, the Court does not accept HP's conclusory assertion of undue burden, and the requested discovery cannot be withheld on that basis.

Accordingly, HP shall produce the requested discovery on all Pavilion and Slimline models, subject to privileges or other valid specific objections not addressed in this order. Such production shall be in accordance with Plaintiff's "most reasonable" proposal, or on some other basis if agreed by the parties.

II. Discovery of Other Lawsuits

Plaintiff also requests discovery of all documents concerning any lawsuit filed against HP in which the allegations concern "inadequate power or power supply, faulty power supply units, failed motherboards, overheating, melting, short-circuiting, fire, damage or malfunction caused by power or voltage fluctuations, SYSTEM INSTABILITY, PERFORMANCE INSTABILITY, DISPLAY CORRUPTION, and/or DISPLAY ABNORMALITY." Plaintiff specifically requests documents

related to two lawsuits: *In re HP Power Plug and Graphic Card Litigation*, C06-2254, and *The NVIDIA GPU Litigation*, C08-04312.  HP contends that this request is too broad and that Plaintiff should be limited to lawsuits alleging malfunctions due to insufficient power.  Moreover, Plaintiff has the burden of establishing that the discovery is relevant by linking the symptoms alleged in other lawsuits to his particular situation.  Furthermore, HP contends the two cases specifically cited by Plaintiff are irrelevant because they involved allegations of malfunctions due to defective graphic cards.

The Court agrees with HP that Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff requests information on all lawsuits concerning a broad array of symptoms without regard for the underlying cause of the symptoms.  However, HP's proposal is too narrow in that it does not consider allegations where the symptoms *could* have been caused by insufficient power.  Thus, the Court thinks discovery of documents in other cases concerning allegations of malfunctioning due to insufficient power *or* allegations of overheating (the primary symptom complained of here) for an unknown reason, is reasonably calculated to lead admissible evidence, and shall be produced by HP.

**IT IS SO ORDERED.**

Dated: December 18, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-00421 LHK (HRL) Notice will be electronically mailed to:**

Adam Gutride    adam@gutridesafier.com

Brandon S. Dimond    bdimond@gibsondunn.com

Kristen Gelinas Simplicio    Kristen@gutridesafier.com

Marie Ann McCrary    marie@gutridesafier.com

Samuel G. Liversidge    sliversidge@gibsondunn.com, cginnaven@gibsondunn.com

Seth Adam Safier    seth@gutridesafier.com

Timothy William Loose    tloose@gibsondunn.com

Todd Michael Kennedy    todd@gutridesafier.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**